# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ERNEST KIRK and Dr. CLAUDIA KIRK,

        Plaintiffs,

v.

CALHOUN COUNTY, a municipal corporation, SHERIFF MATTHEW SAXTON, acting individually and in his official capacity, Sergeant BRANDY EDMONDS, Deputy GREG GAMMONS, Deputy SPARKS, C.M. YOUNG and B. LINCOLN, acting in their individual capacities, all jointly and severally,

        Defendants.

Hon. Paul L. Maloney

Case No.  1:17 cv 00589-PLM-PJG

_____/

GOODMAN HURWITZ & JAMES, P.C.
By:  William H. Goodman (P14173)
     Julie H. Hurwitz (P34720)
     Kathryn Bruner James (P71374)
1394 E. Jefferson Avenue
Detroit, MI  48207
(313) 567-6170/Fax: (313) 567-4827
mail@goodmanhurwitz.com
*Attorneys for Plaintiffs*

Johnson Rosati Schultz & Joppich, P.C.
By:  Andrew J. Brege (P71474)
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@jrsjlaw.com
*Attorney for Defendants*

_____/

## *EXPEDITED CONSIDERATION REQUESTED*

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER [ECF NO. 109] DENYING MOTION TO REOPEN CASE AND TO CERTIFY INTERLOCUTORY APPEAL

1

***EXPEDITED CONSIDERATION REQUESTED*__

<u>**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER [ECF NO. 109] DENYING MOTION TO REOPEN CASE AND TO CERTIFY INTERLOCUTORY APPEAL**</u>

Now come Plaintiffs, through their attorneys GOODMAN HURWITZ & JAMES, P.C., and respectfully request that this Court reopen the above captioned case and, pursuant to pursuant to W.D Mich LCivR 7.4(a) and Federal Rule of Civil Procedure 59(e), hereby requests that this Court reconsider its *Order [ECF No. 109]Denying Motion to Reopen Case and to Certify Interlocutory Appeal,* for the reasons set forth below:

1.  On February 21, 2020, Plaintiffs filed their *Motion to Reopen Case and to Certify This Court's November 22, 2019 Opinion and Order for Immediate Appeal* [ECF No. 106], and their *Certificate of Compliance with LR 7.1* on or about February 5227, 2020 [ECF No. 108], for the sole reason of allowing the Sixth Circuit to adjudicate all the appealable claims against Defendants Calhoun County and Young at the same time that it adjudicates the individual Defendants Edmonds' and Sparks' qualified immunity appeals as of right.

2.  Although Defendants did not expressly concur in the relief sought [ECF No. 106, ¶ 6 and ECF No. 108, ¶ 1], they also did not oppose Plaintiffs' Motion. They neither responded to Plaintiffs' counsel's attempt to seek concurrence nor filed any response in opposition to Plaintiffs' Motion.

2

3. On March 30, 2020, five-and-a-half weeks after Plaintiffs first filed their *Motion*, this Court entered an Order Denying the relief requested. [ECF No. 109].

4. While this Court acknowledged that, for all the reasons set forth in Plaintiffs' Motion to Reopen [ECF No. 106], "Plaintiffs do make a compelling argument" [*id.,* PgID 1842], the Court denied their motion for the sole reason that the Appellants' brief was due on the same date as this Court's Order, March 30, 2020, and that, "[a]t this point the Court is reluctant to certify an issue for appeal which would interfere with the appeal already underway." [*Id.*].

5. On March 31, 2020—one day after the entry of this Court's March 30 Order—Defendants-Appellants Edmonds and Sparks filed a *Motion to Amend Briefing Schedule* in the Sixth Circuit, seeking a 30-day extension of the deadline to file their brief on appeal, "based upon the press of business and delays precipitated by the national corona virus [sic] emergency and Michigan's shelter-in-place order…," [**Exh. 1**, 6th Cir. Case 19-2456, Doc. No. 19].

6. Within hours of the filing of Defendants-Appellants' Motion, the Sixth Circuit granted the relief requested and entered an Amended Briefing Schedule, setting a new briefing schedule as follows:

    a. Appellants' Brief due April 29, 2020;

    b. Appellees' Brief due May 29, 2020;

      c. Appellants' Reply Brief due 21 days after the last appellee brief is filed.

[**Exh. 2,** 6th Cir. Order Granting Extension, Case 19-2456, Doc. No. 20].

    7. Because this Court's ruling was based exclusively on the timing of the previous briefing schedule in the Sixth Circuit, and that timing changed within 24 hours of the entry of this Court's Order, this Motion does not "merely present the same issues ruled upon by the Court," LR 7.4(a); rather, the circumstances—and thus the issues—have changed.

    8. Local Rule 7.4 expressly provides that motions for reconsideration are ultimately to be decided "without restricting the discretion of the Court." *Id.*

    9. Because the Sixth Circuit has now adjourned all of the previous deadlines that were in effect on March 30, 2020 -- and considering the inevitable delays that will continue to plague the entire civil justice docket due to the effects of the coronavirus pandemic -- Plaintiffs request that this Court exercise its discretionary authority to reconsider its March 30 denial of their *Motion to Reopen This Matter In Order to Consider Certifying This Court's November 22, 2019 Opinion and Order for Immediate Appeal*, [ECF No. 106], for all the same compelling reasons originally set forth:

      a. The claims before this Court arise out of a common core of facts; and

      b. Certification for interlocutory appeal at this time would serve the interests of the parties, witnesses and judicial economy by maintaining

a single process for all the rights and liabilities of all parties to be adjudicated in a single process rather than duplicative trials.

10. Pursuant to W.D. Mich. LCivR. 7.1(e), expedited consideration of this motion is necessary to avoid delayed consideration that will prejudice the outcome of this motion.

11. Local Rule 7.1(e) provides for expedited consideration of a motion "[w]here the relief requested by a motion may be rendered moot before the motion is briefed" according to the normal briefing schedule.

12. In this case, the primary reason this Court gave for declining to certify its November 22, 2019 Opinion and Order for interlocutory appeal is the Court's reluctance to "interfere with the appeal already under way" in the Sixth Circuit. [ECF No. 109, PageID.1842]. Waiting until this motion is briefed according to the Court's regular briefing schedule will likely render moot the basis on which Plaintiffs' seek reconsideration and on which reconsideration is merited—i.e., amendment of the Sixth Circuit's briefing schedule in this case and the 30-day extension given to Defendants-Appellants.

WHEREFORE, for all the reasons and legal authority set forth above and the Brief in Support attached hereto, and in reliance on Fed.R.Civ.P. 59(e), W.D. Mich. LCivR 7.1 and 7.4, Plaintiffs respectfully request that this Honorable Court, on an expedited basis, reconsider its March 30, 2020 *Order Denying Plaintiffs' February*

5

21, 2020 *Motion to Reopen Case and to Certify Interlocutory Appeal*, [ECF No. 109] and GRANT *Plaintiffs' Motion to Reopen the Case and Certify the Court's November 22, 2019 Opinion and Order for Interlocutory Appeal*, [ECF No. 106].

        Respectfully submitted,

        **Goodman Hurwitz & James, P.C.**

        */s/ Julie H. Hurwitz*
        Julie H. Hurwitz (P34720)
        William H. Goodman P14173
        Kathryn Bruner James (P71374)
        1394 E. Jefferson Avenue
        Detroit, MI  48207
        Tel: (313) 567-6170
        *Attorneys for Plaintiffs*

Dated:  April 1, 2020

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii

    I.    APPLICABLE LAW ........................................................................... 1

    II.   ARGUMENT ....................................................................................... 2

    III.  CONCLUSION ................................................................................... 3

CERTIFICATE OF SERVICE ............................................................................. 4

# **INDEX OF AUTHORITIES**

**Federal Cases**

*Fleet Eng'rs, Inc. v. Mudguard Tech., LLC,* No. 1:12-CV-1143,
2013 WL 12085183 (W.D. Mich. Dec. 31, 2013) ............................................... 1

*Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139
(W.D. Mich. 1996) ........................................................................................ 1,2

**Federal Rules**

Fed.R.Civ.P. 59(e) ............................................................................................ 1

**Local Rules**

W.D. Mich LCivR 7.1(e) ................................................................................... 3

W.D. Mich. LCivR. 7.4(a) ................................................................................. 1

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER [ECF NO. 109] DENYING MOTION TO REOPEN CASE AND TO CERTIFY INTERLOCUTORY APPEAL**

Pursuant to Western District Local Rule 7.4(a) and Federal Rule of Civil Procedure 59(e), Plaintiff respectfully requests that this Honorable Court reconsider its ruling set forth in ECF No. 109, because the circumstances that informed the Court at the time of its ruling and influenced its opinion and order have since changed.

## I.     APPLICABLE LAW

"In general, a judgment may be altered or amended for one of three reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice." *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1141-42 (W.D. Mich. 1996).

A motion for reconsideration presents an opportunity for a court to address an erroneous factual conclusion, because the court overlooked or misconstrued the record, or to correct a misunderstanding of the law, because the court applied the wrong standard, wrong test, relied on bad precedent, or something similar. *See Fleet Eng'rs, Inc. v. Mudguard Tech., LLC*, No. 1:12-CV-1143, 2013 WL 12085183, at *1 (W.D. Mich. Dec. 31, 2013). A motion for reconsideration, however, is not intended

1

as a vehicle to relitigate previously considered issues nor should it be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence. *See Keweenaw Bay,* 940 F. Supp. at 1141.

## II.   ARGUMENT

As set forth in Plaintiffs' Motion attached hereto, given that the original basis for this Court's denial of Plaintiffs' original *Motion to Reopen Case* has now changed due to circumstances beyond anyone's control, and the Sixth Circuit has now adjourned all of the previous deadlines that were in effect on March 30, 2020 -- and considering the inevitable delays that will continue to plague the entire civil justice docket due to the effects of the coronavirus pandemic -- Plaintiffs request that this Court exercise its discretionary authority to reconsider its March 30 denial of their *Motion to Reopen This Matter In Order to Consider Certifying This Court's November 22, 2019 Opinion and Order for Immediate Appeal*, [ECF No. 106], for all the same compelling reasons originally set forth:

- a.   The claims before this Court arise out of a common core of facts; and
- b.   Certification for interlocutory appeal at this time would serve the interests of the parties, witnesses and judicial economy by maintaining a single process for all the rights and liabilities of all parties to be adjudicated in a single process rather than duplicative trials.

Plaintiffs further request that this matter be considered on an expedited basis,

pursuant to LR 7.1(e), which provides in pertinent part that expedited consideration of a motion is called for when:

> …the relief requested by a motion may be rendered moot before the motion is briefed in accordance with the schedules set forth herein...

As set forth in Paragraphs 10-12 of Plaintiffs' Motion, attached hereto, the reason that expedited consideration is called for here is the same reason that this Court gave for denying Plaintiffs' original Motion, i.e. timing, and the Court's reluctance to "interfere with the appeal already under way" in the Sixth Circuit. [ECF No. 109, PageID.1842]. Now that the timing has changed in the Sixth Circuit, and because the reasons for certifying the remaining issues for appeal that remain before this Court continue to be compelling, it is important to expedite the consideration of this motion in order to avoid rendering moot the relief requested in their underlying Motion.

### III. CONCLUSION

WHEREFORE, for all the reasons and legal authority set forth above and the Motion attached hereto, and in reliance on Fed.R.Civ.P. 59(e), W.D. Mich. LCivR 7.1 and 7.4, Plaintiffs respectfully request that this Honorable Court, on an expedited basis, reconsider its March 30, 2020 *Order Denying Plaintiffs' February 21, 2020 Motion to Reopen Case and to Certify Interlocutory Appeal*, [ECF No. 109] and GRANT *Plaintiffs' Motion to Reopen the Case and Certify the Court's November 22, 2019 Opinion and Order for Interlocutory Appeal*, [ECF No. 106].

Respectfully submitted,

**Goodman Hurwitz & James, P.C.**

*/s/ Julie H. Hurwitz*
Julie H. Hurwitz (P34720)
William H. Goodman P14173
Kathryn Bruner James (P71374)
1394 E. Jefferson Avenue
Detroit, MI  48207
Tel: (313) 567-6170
*Attorneys for Plaintiffs*

Dated:  April 1, 2020

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 1, 2020, she electronically filed *Plaintiff's Motion for Reconsideration of Order [ECF No. 109] Denying Motion to Reopen Case and Certify Interlocutory Appeal*, and accompanying documents with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ Laurel O. Seale

Legal Assistant
Goodman Hurwitz & James, P.C.