UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERNEST KIRK AND CLAUDIA KIRK, ) | |
| Plaintiffs, ) | |
| ) | No. 1:17-cv-589 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| CALHOUN COUNTY, *et al.*, ) | |
| Defendants. ) | |
| ) | |

## ORDER GRANTING MOTION FOR RECONSIDERATION

Plaintiffs Ernest and Claudia Kirk request reconsideration (ECF No. 110) of an order denying their motion to reopen this lawsuit and to consider certifying the November 22, 2019, Opinion and Order for immediate appeal. The Court will grant the motion for reconsideration and will enter a partial judgment.

I.

In this lawsuit, Plaintiffs allege that law enforcement officers employed by Calhoun County violated their civil rights. Defendants filed two motions for summary judgment. On November 22, 2019, the Court issued an Opinion and Order (ECF No. 101) granting Defendant Calhoun County's motion for summary judgment. The Court granted the officers' motion for summary judgment in part. The Court found that genuine issues of material fact remain for one claim against Defendant Edmonds and one claim against Defendant Sparks. The individual officers filed an interlocutory appeal to appeal the denial of qualified immunity (ECF No. 102) and the Court administratively closed this action (ECF No. 103).

In the initial motion for an interlocutory appeal, Plaintiffs reason that the most efficient use of judicial resources would have the circuit court consider both the qualified immunity and the dismissal of the other claims at the same time. Without the interlocutory appeal, the matter will likely return here for a trial. After the trial, Plaintiffs would appeal the dismissal of the other defendants and claims, setting up the possibility of a second trial.

The Court denied the motion based on the timing of the motion, the first brief for the appeal was due on March 30, 2020, only a few weeks from when Plaintiffs' motion became ripe.

## II.

Plaintiffs request the Court reconsider the Order because the briefing schedule for the appeal has been amended and Appellants' brief is not due until April 29, 2020.

Under the Local Rule of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a palpable defect by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a). The palpable defect standard does not expand the authority of the district court to reconsider an earlier order; it is merely consistent with a district court's inherent authority. *See Tiedel v. Northwestern Michigan Coll.*, 865 F.2d 88, 91 (6th Cir. 1988). The Sixth Circuit has held that "'[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment" *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). A party seeking reconsideration of an interlocutory order must show (1) an intervening change

in the controlling law, (2) new evidence previously not available, or (3) a need to correct error to prevent manifest injustice. *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004)). The decision to grant or deny a motion for reconsideration of an interlocutory order falls within the discretion of the district court. *Rodriguez*, 89 F.App'x at 952 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

Plaintiffs have identified a sufficient basis for the Court to reconsider the order. The change in the briefing schedule alters the reason the earlier motion was denied. Under the Local Rule, the Court would ordinarily ask for a response from Defendants before granting a motion for reconsideration. *See* W.D. Mich. LCivR 7.4(b). Here, Plaintiffs have requested expedited consideration, meaning that the relief sought would become moot if the normal briefing schedule were followed. *See id.* 7.1(e). The Court notes that Defendants did not file any response to the earlier motion to reopen the lawsuit and to consider certifying an interlocutory appeal.

### III.

Plaintiffs' request the Court enter partial judgment under Rule 54(b) to allow them to take an interlocutory appeal.

Rule 54(b) permits a court to enter a partial final judgment against some of the parties when claims remain pending against other parties. "Proper certification under Rule 54(b) is a two-step process." *Planned Parenthood Southwest Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012). First, the district court must enter final judgment as to one or more

but fewer than all of the parties involved. Fed. R. Civ. P. 54(b). Second, the district court must "expressly determine that there is no just reason to delay appellate review." *Planned Parenthood*, 696 F.3d at 500 (citation omitted). For the second element, the Sixth Circuit has identified a non-exhaustive list of considerations which includes:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence of absence of a claim or counterclaim which could result in an off-set against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening to time of trial, frivolity of competing claims, expenses and the like.

*Id.* at 503 (citation omitted).

A.

The first factor can be met. This action involves multiple parties. Distinct claims have been brought against the different parties. And, the Court has resolved all of the claims brought against some of the parties. The Court resolved the *Monell* claim brought against Defendant Calhoun County and dismissed that party. The Court also resolved the malicious prosecution claim brought against Defendant Young and dismissed him from this action.

B.

The second factor is also met. The claim against the County and the claim against Young are sufficiently distinct from the remaining claims against Defendants Edmonds and Sparks. The distinctness of the claims makes it unlikely that the circuit court will have to consider the same issue in more than one appeal. It is unlikely that any future events would moot any need for Plaintiffs to later appeal the manner in which the Court resolved the

claims against Calhoun County and Young. Because Defendants appealed the decision to deny qualified immunity, if the Court declines to certify the appeal the parties will likely have to return to the circuit court for a second time to litigate the manner in which this Court resolved the claims against Calhoun County and Young. Thus, certifying an appeal for those claims would be an expedient use of court and party time and other resources.

IV.

Accordingly, the Clerk of Court will **ADMINISTRATIVELY OPEN** this lawsuit. The Court **GRANTS** Plaintiff's motion for reconsideration. (ECF No. 110.) The Court finds that there is no just reason to delay entry of judgment and any appeal for the claims brought against Defendant Calhoun County and Defendant Young. Contemporaneous with this Order, the Court will enter a partial judgment under Rule 54(b) dismissing those two parties.

**IT IS SO ORDERED.**

Date: April 7, 2020                                         /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge